

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00110-CR

———————————————

BENGAMIAH LEVINE MANGAWE, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1763833

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Bengamiah Levine Mangawe was convicted of continuous sexual abuse of T.M. (Tina),[1] a child under the age of 14. *See* Tex. Penal Code Ann. § 21.02(b). In his only appellate issue, Mangawe argues that, because he and Tina gave "vague" approximations of when the abuse began—"around November" 2020 "give or take"—the evidence was insufficient to show that Mangawe's abuse spanned a period of 30 days or more.[2] *See id.* (defining continuous sexual abuse offense to require that acts of sexual abuse be committed "during a period that is 30 or more days in duration"). But this argument has two independently fatal flaws: It ignores (1) duration-related testimony from another witness and (2) controlling precedent rejecting a similar argument. Thus, we will affirm.

## I. Standard of Review

A person commits the offense of continuous sexual abuse of a young child if, "during a period that is 30 or more days in duration," the person commits two or

---

[1]Tina was 11 years old when the abuse occurred and 15 years old at the time of trial. To protect her privacy, we refer to her using an alias and refrain from detailing her relationship with Mangawe. *See* Tex. R. App. P. 9.10; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982); *Harper v. State*, No. 02-23-00068-CR, 2024 WL 123265, at *1 n.1 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op., not designated for publication).

[2]To be more precise, Mangawe asserts that, because the evidence was insufficient, the trial court should have granted his motion for a directed verdict. We treat such a complaint as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996); *Rachal v. State*, 725 S.W.3d 152, 159 (Tex. App.—Fort Worth, pet. filed); *Harper*, 2024 WL 123265, at *2.

more acts of sexual abuse against a child who is under the age of 14. *Id..* On appeal, Mangawe does not deny abusing Tina; he challenges only the duration of his abuse, i.e., whether it occurred "during a period that [wa]s 30 or more days in duration." *Id.*

To determine whether the evidence is sufficient to support this element of the offense, we view all the evidence in the light most favorable to the verdict and ask whether a rational jury could have found the element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2788–89 (1979); *Witcher v. State*, 638 S.W.3d 707, 709–10 (Tex. Crim. App. 2022); *Rachal*, 725 S.W.3d at 159.

The jury alone assesses the evidence's weight and credibility, and it alone decides which witnesses to believe. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Rachal*, 725 S.W.3d at 159 ("Jurors may choose to believe or disbelieve all, some, or none of the evidence presented."); *see Solis v. State*, No. AP-77,109, 2025 WL 3029290, at *5 (Tex. Crim. App. Oct. 30, 2025); *Witcher*, 638 S.W.3d at 710. We presume that the jury resolved conflicts in the testimony and drew reasonable inferences in favor of the verdict. *Rachal*, 725 S.W.3d at 159. And we must defer to that resolution. *See Witcher*, 638 S.W.3d at 710; *Rachal*, 725 S.W.3d at 159.

## II. Sufficiency of the Evidence

Mangawe argues that his and Tina's "vague" estimates of the abuse's start date were insufficient to show beyond a reasonable doubt that his abuse of Tina continued for 30 days or more. Specifically, because he and Tina recalled the abuse beginning "around November" 2020 "give or take" and ending in January 2021, Mangawe

argues that the abuse could have begun "any month within the vicinity of November," and if it began in December and ended on the first day of January, it would have been less than 30 days in duration. This argument has two flaws.

## A.    Flaw One:  Mangawe ignores testimony confirming the 30-day duration.

First, Mangawe's argument wholly ignores another witness's testimony directly addressing the 30-day duration of Mangawe's abuse.

The case detective testified that, when he interviewed Mangawe, he asked Mangawe about the "timeframe" of the abuse, and Mangawe recalled the abuse beginning in "November-ish" and continuing until "January [20]21." The detective told the jury that, to clarify the duration, he had "specifically ask[ed]" Mangawe whether "at least 30 days had passed during the first incident and the second incident," and Mangawe had confirmed as much.

The detective reiterated and expounded upon this testimony when Mangawe cross-examined him on it. Mangawe's counsel noted that the police interview had been audiotaped and that, although the recording had captured the detective's attempt to clarify the abuse's 30-day duration, Mangawe could not be heard verbally responding. But the detective doubled down on his prior testimony, saying, "I don't know if he [i.e., Mangawe] nodded to me or he said yes, you would have to listen to the tape, but he did confirm that." And when Mangawe's counsel pressed the issue further—again telling the detective that he "didn't hear [Mangawe's] voice confirming

4

that" on the recording—the detective was adamant, saying "[m]aybe his voice didn't, but he confirmed it with me[;] . . . [h]e could have nodded."

The jury alone judged the detective's credibility, and the jury's verdict indicates that it believed him. *See Jaen v. State*, No. 02-23-00260-CR, 2025 WL 2088286, at *8 (Tex. App.—Fort Worth July 24, 2025, no pet.) (mem. op., not designated for publication) (holding evidence sufficient to support duration element when complainant's statements to nurse and in forensic interview showed duration of 30 days or more even though complainant gave ambiguous timeframe testimony at trial); *Harper*, 2024 WL 123265, at *2 (holding evidence sufficient to support duration element when, in addition to complainant's approximation of dates, defendant "agreed with the detective's summary [in his police interview] . . . that [the abuse] happened at least five times over a period of about sixty days"). "As a reviewing court, we may not reevaluate the weight and credibility of the evidence in the record and thereby substitute our own judgment for that of the [jury]." *Solis*, 2025 WL 3029290, at *5 (reviewing sufficiency of capital murder conviction); *see Rachal*, 725 S.W.3d at 162 (holding evidence sufficient to support duration element of continuous sexual abuse and noting that, "[e]ven if we could have found to the contrary were we sitting as the factfinder, we cannot act as the 'thirteenth juror,' and we may not substitute our judgment for that of the jury").

**B.    Flaw Two:  The Court of Criminal Appeals rejected a similar vagueness argument.**

Though our analysis could end there, Mangawe's argument contains a second, independently fatal flaw:  Even if the detective had not expressly addressed the duration of Mangawe's abuse, Tina's and Mangawe's statements were sufficient to establish the 30-day duration.

As Mangawe acknowledges, Tina testified that the abuse began "around November" 2020, and Mangawe—in his police interview—stated that the abuse began in November 2020 "[g]ive or take."  Although Mangawe argues that these phrases were too "vague" to prove the abuse's duration beyond a reasonable doubt, the Court of Criminal Appeals rejected a similar argument in *Witcher.  See* 638 S.W.3d at 709–10.

In that continuous sexual abuse case, the last act of abuse occurred on July 26, but the date of the first act was fuzzy.  *Id.* at 708–09.  The victim recalled the abuse starting when her brother went to jail, which her sister estimated was on "June 10th 'give or take,'" and which the investigator confirmed was "around that time."  *Id.* at 710.  Our sister court concluded that the phrases "around" and "give or take" were insufficient to establish the 30-day duration of the defendant's abuse—the holding Mangawe seeks here.  *See id.* at 709 (noting that court of appeals emphasized "use[ of] the words 'at some point,' 'around,' 'about,' 'maybe,' and 'give or take'").  But the Court of Criminal Appeals reversed.  *Id.* at 709–10.  It held that, "[g]iven the context

6

of the testimony, 'around' could not have meant sixteen days or more later[, a]nd 'give or take,' means 'approximately'—it would mean at most a few days out of the forty-eight day span . . . [and] would not mean one third or more of the relevant time period." *Id.*

The same is true in this case. Tina and Mangawe recalled the abuse ending in early January 2021,[3] and they estimated the start date as "around" November 2020 "give or take." Given the context of these estimations, neither "around" nor "give or take" could have meant a month—up to one half of the relevant time frame—later. *See id.* And the jury was free to make this inference. *See id.*; *see also Pixley v. State*, No. 02-24-00151-CR, 2025 WL 2423507, at *13 (Tex. App.—Fort Worth Aug. 21, 2025, pet. ref'd) (mem. op., not designated for publication) ("[W]e presume the jury resolved all conflicts in favor of the verdict.").

---

[3]Tina told her mother on January 14, 2021, and her mother confronted Mangawe and notified the police, bringing the abuse to an end. There was some conflicting testimony regarding when the last act of abuse occurred, though. Tina testified that it had occurred in 2021, and in Mangawe's police interview, he initially agreed with this end date. But later, he stated that he thought the last act of abuse had occurred before the new year. A nurse who had examined Tina also recalled Tina having "estimated" the date of the last incident as "December of 2020."

Regardless, Mangawe does not rely on this evidence on appeal. Instead, he appears to implicitly acknowledge that there was evidence of the abuse continuing into January 2021 and that the jury could have believed such evidence.

**C.      Holding:  There is sufficient evidence of the abuse's duration.**

In sum, the evidence showed not only that Mangawe's abuse began "around November" and continued into 2021—as Tina and Mangawe stated—but also that, when "specifically ask[ed]," Mangawe had nonverbally confirmed that "at least 30 days had passed during the first incident and the second incident."  A rational jury could have believed this evidence and found, beyond a reasonable doubt, that Mangawe's abuse occurred "during a period that [wa]s 30 or more days in duration." Tex. Penal Code Ann. § 21.02(b); *see Rachal*, 725 S.W.3d at 159–62; *Jaen*, 2025 WL 2088286, at *6–8.  We overrule Mangawe's sole issue.

### III.  Conclusion

Having overruled Mangawe's sole appellate issue, we affirm the judgment of conviction.  Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 5, 2026